RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
Office and Post Office Address
60 East 42nd Street, Suite 2430
New York, New York 10165
(212) 297-0700

**06 CV 8140**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JOSEPH PALMIOTTI

                 Plaintiff,        COMPLAINT

   -against-

METROPOLITAN LIFE INSURANCE COMPANY

                Defendant.
-----------------------------------------------------------------X

RECEIVED OCT 0 4 2006 U.S.D.C. S.D. N.Y. CASHIERS

       Plaintiff Joseph Palmiotti, by his attorneys Riemer & Associates LLC, complaining of defendant alleges:

       1.     This is an action arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et. seq.,* to recover benefits due under an employee benefit plan, to clarify the rights of plaintiff to future benefits under such plan, and to recover attorney fees and costs.

       2.     This Court has subject matter jurisdiction pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331. Under Section 502(f) of ERISA, 29 U.S.C. §1132(f), this Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

       3.     Venue is properly in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the Plan as hereinafter defined is administered in this district and the defendant resides or may be found in this district.

4. At all relevant times, plaintiff was and is a participant within the meaning of Section 3(7) of ERISA, 29 U.S.C. §1002(7), in the Credit Suisse First Boston LLC Long Term Disability Plan (the "Plan").

5. At all relevant times, the Plan is and has been an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1).

6. At all relevant times, Metropolitan Life Insurance Company ("MetLife") is and has been the named claims fiduciary within the meaning of ERISA §3(21)(A), 29 U.S.C §1002(21)(A).

7. The benefits under the Plan were furnished in accordance with and pursuant to a group policy issued by MetLife.

8. Plaintiff was employed as Salesperson in Private Client Services at Credit Suisse First Boston ("Credit Suisse").

9. As an employee of Credit Suisse, plaintiff was provided with long term disability insurance coverage under the Plan.

10. On November 22, 2002, plaintiff was rendered totally disabled within the meaning of the Plan as a result of MS.

11. Plaintiff applied for disability benefits under the Plan. MetLife denied plaintiff's claim.

12. Plaintiff appealed MetLife's denial.

13. By letter dated December 30, 2003, MetLife denied plaintiff's final appeal.

14. On or about January 24, 2004, plaintiff commenced an action against defendant in the United States District Court, Southern District of New York,

under docket number 04 CV 718 (LTS)(JCF), seeking long term disability benefits ("Prior Action").

15. By order dated March 27, 2006, the District Court granted summary judgment in favor of plaintiff, holding that defendant's determination was arbitrary and capricious and remanding the matter to MetLife for a new determination.

16. By letters dated June 6, 2006 and June 23, 2006, MetLife agreed to be bound by the timeframes for determining appeals as specified in the Department of Labor Regulations, 29 C.F.R. 2560.503-1(i).

17. By letter dated August 11, 2006, plaintiff submitted additional materials in support of his claim in accordance with the order of the District Court and in accordance with the procedure agreed to by MetLife (the "Remand Letter").

18. Plaintiff's August 11, 2006 Remand Letter was received by MetLife on August 14, 2006.

19. At no time did MetLife furnish to plaintiff or his attorneys a request for an extension specifying special circumstances requiring an extension of time.

20. In violation of the Department of Labor Regulations and its agreement stated in its letters dated June 6, 2006 and June 23, 2006, MetLife has never issued a determination.

21. Pursuant to 29 C.F.R. 2560.503-1(l), plaintiff has complied with and exhausted all administrative appeals under the Plan.

### COUNT I

22. Under the terms of the Plan, a disabled participant is entitled to a monthly benefit equal to 60% of pre-disability earnings.

23. From November 22, 2002, plaintiff has been totally disabled within the meaning of the Plan.

24. By failing to render a determination as to plaintiff's August 11, 2006 Remand Letter, plaintiff's remand application is deemed denied by operation of law.

25. Because plaintiff's application is deemed denied, his claim is subject to the Court's de novo standard of review.

26. Upon information and belief, MetLife has a conflict of interest.

27. Upon information and belief, MetLife's determination of plaintiff's claim for benefits was affected by its conflict of interest.

28. Under Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), plaintiff is entitled to recover disability benefits under the Plan that have not been paid to date and those that will become due in the future.

## COUNT II

29. Plaintiff repeats and realleges the allegations of paragraphs 1 through 20 above.

30. By reason of MetLife's failure to pay plaintiff long term disability benefits as due under the terms of the Plan, plaintiff has been forced to retain attorneys to recover such benefits, for which plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and the costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

WHEREFORE, plaintiff demands judgment against MetLife:

A. For the amount of all long term disability benefits due under the terms of the Plan that have not been paid, together with interest thereon;

B. Clarifying and declaring that the Plan is obligated to pay plaintiff long term disability benefits in the future as required by the Plan;

C. For the costs of this action and plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. §1132(g); and

D. For such other and further relief as may be deemed just and proper by the Court.

Dated: New York, New York
October 3, 2006

RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
60 East 42nd Street, Suite 2430
New York, New York  10165
(212) 297-0700

By: _____
Scott M. Riemer (SR5005)